UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARESSA M. HOLT,

    Plaintiff,

vs.                                       Case No. 3:12-cv-559-J-20MCR

TYLER PERRY a/k/a John Ivory,
WACKENHUT SECURITY CORPORATION,
ELROD AND ELROD ASSOCIATES, CITI
BANK CARDS,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's Amended Complaint (Doc. 7) and Plaintiff's Amended Affidavit of Indigency (Doc. 8), which the Court shall treat as a Motion to Proceed In Forma Pauperis. On May 11, 2012, the Court entered an Order denying without prejudice Plaintiff's initial Motion to Proceed In Forma Pauperis (Doc. 2) and directing Plaintiff to file an amended complaint and an amended affidavit of indigency. (Doc. 5). Plaintiff did so on June 6, 2012. (Docs. 7 and 8). Unfortunately, Plaintiff failed to cure the defects noted in the Court's Order (Doc. 5).

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C.

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

§ 1915(a)(1). However, as Judge Morris noted Plaintiff's initial affidavit failed to provide sufficient information to determine whether Plaintiff was truly indigent. (Doc. 5). Indeed, the Court observed that Plaintiff indicated she had zero financial resources and zero obligations, begging the question as to how Plaintiff supported herself. Further, the Court noted that Plaintiff failed to provide any information regarding her last employer despite alleging an act of copyright infringement occurred while she was working there. Therefore, Judge Morris ordered Plaintiff to file an amended affidavit and directed that the amended affidavit of indigency contain:

> complete details as to Plaintiff's financial resources and financial obligations. At a minimum, Plaintiff must indicate household obligations which include, but are not limited to, such items as groceries and utilities. If Plaintiff in fact has zero financial resources, she should so indicate and advise the Court how her financial obligations are met. Plaintiff should provide information for each category listed on the form.

(Doc. 5, p.2). Plaintiff's amended Affidavit of Indigency (Doc. 8) does not contain the information requested by the Court. Instead, it again states nothing about Plaintiff's last employment nor does it list any financial resources or obligations. As such, the undersigned recommends Plaintiff's request to proceed in forma pauperis be denied.

Even if Plaintiff had provided sufficient information regarding her finances, the undersigned would still recommend dismissal of her case as her Amended Complaint fails to state a claim upon which relief may be granted. Before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the

complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. See id.

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327.

Section 1915(e)(2)(B)(ii) requires the Court to dismiss an in forma pauperis action if the Court determines that it fails to state a claim on which relief may be granted. Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (Rule 12(b)(6) dismissal). The "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007). Instead, the

"[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. 550 U.S. at 555, 127 S.Ct. at 1965.

Here, Plaintiff's Amended Complaint does not contain factual allegations which raise a right to relief above the speculation level. The Amended Complaint attempts to state a copyright infringement claim against fourteen seemingly unrelated defendants, including an auto repair facility, a medical school, Tyler Perry, and J.K. Rowling. Despite the Court informing her of the necessary elements to state a copyright infringement claim, Plaintiff's Amended Complaint failed to provide any information regarding how any of the defendants allegedly violated her copyrights.[2]

Accordingly, the undersigned believes Plaintiff's Amended Complaint fails to state a claim on which relief may be granted and is due to be dismissed under § 1915(e)(2)(B)(ii). Therefore, it is respectfully

**RECOMMENDED:**

Plaintiff's request to proceed In Forma Pauperis contained in her amended Affidavit of Indigency (Doc. 8) be **DENIED** and the Amended Complaint (Doc. 7) be **DISMISSED** without prejudice to Plaintiff filing a paid complaint.

---

[2] The undersigned notes Judge Adams denied Plaintiff's request to proceed in forma pauperis and dismissed her case in a virtually identical case. See Holt v. Wackenhut Corp., No. 3:11-cv-1252-25JRK (Doc. 5).

**DONE AND ENTERED** in Jacksonville, Florida this   14th   day of June, 2012.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Pro Se Plaintiff
Hon. Harvey E. Schlesinger,
  United States District Judge